**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-60766**
**Summary Calendar**

**NELL PHILLIPS,**

**Petitioner,**

**VERSUS**

**UNION TEXAS PETROLEUM; NATIONAL UNION FIRE**
**INSURANCE COMPANY; DIRECTOR, OFFICE OF WORKER'S**
**COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,**

**Respondents.**

Petition for Review of an Order
of the Benefits Review Board
(94-773)

February 11, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On December 11, 1987, J. T. Phillips (decedent) was an employee of Union Texas Petroleum (Union Texas) and was on duty on the offshore drilling rig Eugene Island 384 which was owned and operated by Union Texas. Sometime between 9:45 and 10:00 a.m. on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that date, a co-worker found the decedent collapsed and unconscious in the well bay of the rig.  An Air Med helicopter was summoned and it subsequently evacuated decedent from the rig to the Iberia Parish General Hospital emergency room where he was pronounced dead at 11:40 a.m.  An autopsy later determined that the cause of death was arteriosclerotic heart disease and the mode of death was natural.  Nell Phillips, the widow of decedent, filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act against Union Texas Petroleum (the employer) and National Union Fire Insurance (the compensation carrier).  The claim was presented to an administrative law judge for determination who found "that employer presented substantial evidence sufficient to overcome the Section 20(a) presumption" and concluded that "decedent's death on December 11, 1987, was due to his underlying arteriosclerotic coronary disease to which he was predisposed and that no causal connection to his work activities exists."  Accordingly, the administrative law judge denied the claim for benefits and that determination was appealed to the Benefits Review Board.  This appeal was pending before the Benefits Review Board for more than one year and had not been acted upon before September 12, 1996.  Accordingly, pursuant to the provisions of Public Law 104-134 (Omnibus Appropriations for Fiscal Year 1996), the decision of the administrative law judge "shall be considered affirmed and shall become the Final Order of the Board for purposes of obtaining a review in the United States Courts of Appeal."  Claimant appeals to

this Court.

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself. For the reasons stated by the administrative law judge in his Order filed January 13, 1994, we are satisfied that the administrative law judge properly found the facts and properly applied the law thereto in this case. Accordingly, the Order of the administrative law judge is AFFIRMED.